UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NATHAN LEROY HICKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-00384-MTS |
| | ) | |
| SHAWN PETTIGREW, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of petitioner Nathan Leroy Hicks for leave to commence this civil action without prepayment of the required filing fee. Doc. [2]. Having reviewed the motion, the Court finds that it should be granted. Additionally, for the reasons discussed below, the Court will direct petitioner to file an amended petition on a Court-provided 28 U.S.C. § 2254 form.

### Discussion

Petitioner is a self-represented litigant who is currently an inmate at the Crossroads Correctional Center in Cameron, Missouri. On March 27, 2023, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. [1]. In the petition, he indicated that he was a convicted and sentenced state prisoner. Subsequent to the filing of the petition, petitioner submitted three additional supplements, in which he attempted to add further grounds for relief. Docs. [4], [5], [6].

As noted above, petitioner purports to bring his petition pursuant to 28 U.S.C. § 2241. Section 2241 has been recognized as a vehicle for certain claims by state pretrial detainees. *See Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir. 1992) (noting that it was well-established that federal

district courts could entertain a § 2241 petition in which petitioner asserted an impending Double Jeopardy Clause violation). However, once a petitioner is convicted and subject to the judgment of a state court, he or she "can only obtain habeas relief through [28 U.S.C.] § 2254, no matter how his pleadings are styled." *Crouch v Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (stating that not only is § 2254 an appropriate vehicle for state prisoner's claims, it is, "as a practical matter, the only vehicle").

Because he is a convicted and sentenced state prisoner, petitioner cannot bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court will therefore direct the Clerk of Court to send to petitioner a copy of the Court's 28 U.S.C. § 2254 form. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). Petitioner should fill out the form in its entirety, according to the instructions. The form should be either typewritten or filled out in legible handwriting. As noted above, petitioner has been attempting to supplement his petition piecemeal. In amending his petition, petitioner must include **all** grounds for relief.

Petitioner will be given thirty days in which to file his amended petition. If petitioner does not comply within thirty days, this action will be dismissed without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to petitioner a copy of the Court's 28 U.S.C. § 2254 petition for writ of habeas corpus form.

**IT IS FURTHER ORDERED** that petitioner shall file an amended 28 U.S.C. § 2254 petition on a Court form within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that if petitioner fails to file an amended 28 U.S.C. § 2254 petition on a Court form within **thirty (30) days** of the date of this order, this action will be dismissed without prejudice and without further notice.

Dated this 30th day of June, 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE