# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| NATHAN LEROY HICKS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 4:23-cv-00384-MTS |
| | ) |
| SHAWN PETTIGREW, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on review of petitioner Nathan Leroy Hicks's amended 28 U.S.C. § 2254 petition for writ of habeas corpus. Docket [8]. For the reasons discussed below, the petition will be denied and dismissed.

## Background

Following a jury trial on April 21, 1992, petitioner was convicted of one count of forcible rape and one count of forcible sodomy. *State of Missouri v. Hicks*, No. 22911-02099-01 (22nd Jud. Cir., St. Louis City).[1] On May 15, 1992, he was sentenced to concurrent life sentences. Petitioner filed a notice of appeal. On June 1, 1993, the Missouri Court of Appeals affirmed the judgment of the circuit court. *State v. Hicks*, 853 S.W.2d 955, 957 (Mo. Ct. App. 1993). As best the Court can tell, petitioner did not file a motion for postconviction relief in state court.

On September 4, 2015, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Missouri. *Hicks v.*

---

[1] Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records"); and *Stahl v. U.S. Dept. of Agriculture*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may consider them on a motion to dismiss").

*Hurley*, No. 4:15-cv-1311-JAR (E.D. Mo.). The Court directed petitioner to show cause as to why his petition should not be dismissed as untimely. On October 27, 2015, after reviewing his response, the Court denied and dismissed the petition without prejudice as time-barred.

In particular, the Court noted that petitioner's judgment became final on direct review on June 16, 1993. Under 28 U.S.C. § 2244(d), he had one year to timely file his petition for writ of habeas corpus. That period ended on June 16, 1994. When petitioner filed his 28 U.S.C. § 2254 petition on September 4, 2015, the deadline had been expired for over twenty-one years. Moreover, petitioner had not carried his burden of establishing equitable tolling. He did not file an appeal.

Petitioner initiated the instant action on March 20, 2023, by submitting a petition for writ of habeas corpus and a motion for leave to proceed in forma pauperis.[2] Docs. [1], [2]. The petition was on a Court-provided 28 U.S.C. § 2241 form, and asserted three grounds for relief.

In the first ground, petitioner stated that he was expelled from the Missouri Sex Offender Program (MOSOP), which involved his "probation [and] parole." Docket [1] at 6. He further alleged that MOSOP "was unconstitutional in the first place because it violated [his] 1st Amendment rights to not bear witness against [himself]."

In the second ground, petitioner asserted "humiliation," explaining that he "was called a liar in [his] MOSOP class without explanation."

In the final ground, petitioner alleged that he had been "unfairly" expelled from MOSOP "because [he] did not say what they wanted [him] to say." Specifically, he stated that "they wanted [him] to say [that he] wanted to be in the class," and "they wanted [him] to talk about another crime unrelated" to his underlying offense that he "did not want to talk about."

---

[2] This is the date the petition was signed and placed into the prison mailing system. "[A] pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999).

2

Subsequent to the filing of the petition, petitioner submitted three additional supplements, in which he attempted to add further grounds for relief. Docs. [4], [5], [6].

On June 30, 2023, the Court granted petitioner's motion for leave to proceed in forma pauperis. Doc. [7]. The Court also directed petitioner to file an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court noted that 28 U.S.C. § 2241 has been recognized as a vehicle for certain claims by state pretrial detainees. *See Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir. 1992) (explaining that it was well-established that federal district courts could entertain a § 2241 petition in which petitioner asserted an impending Double Jeopardy Clause violation). However, once a petitioner is convicted and subject to the judgment of a state court, he or she "can only obtain habeas relief through [28 U.S.C.] § 2254, no matter how his pleadings are styled." *Crouch v Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (stating that not only was § 2254 an appropriate vehicle for state prisoner's claims, "as a practical matter, [it is] the only vehicle").

Because petitioner was a convicted and sentenced state prisoner, the Court noted that he could not bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court therefore directed him to file an amended 28 U.S.C. § 2254 petition and sent him a Court form to aid his compliance. Petitioner filed his amended petition on July 13, 2023. Doc. [8].

**The Amended Petition**

The amended petition is on a Court-provided 28 U.S.C. § 2254 form. In it, petitioner notes that he is a convicted and sentenced state prisoner who is currently incarcerated at the Crossroads Correctional Center in Cameron, Missouri. Doc. [8] at 1. Petitioner is serving a life sentence for rape and sodomy. *State of Missouri v. Hicks*, No. 22911-02099-01 (22nd Jud. Cir., St. Louis City). His petition contains six grounds for relief.

In ground one, petitioner complains that he was not released in "20 years," and states that according to the "prisoner blue book," he only had "to serve 40% of [his] time," and that his "life sentence was calculated at 50 years." Doc. [8]. at 4.

In ground two, petitioner states that he was "treated unfairly," and that his MOSOP instructor called him a liar and did not explain why. Doc. [8] at 5. He then adds that the "second time [he] was expelled they wanted [him] to say something [he] didn't want to say."

In ground three, petitioner asserts that he did not receive all of his "stimulus money" from the Internal Revenue Service, and that he wrote to them about this issue. Doc. [8] at 6.

In ground four, petitioner accuses the Missouri Department of Corrections of systematic "toxic poisoning," because when he wears the socks he has been issued, he gets "scars [and] rashes on [his] leg." Doc. [8] at 8.

In ground five, petitioner asserts his "need for a fair [trial]." Doc. [8] at 14. He also notes that there were no "black people on the Parole Board Panel when" he was interviewed, and that a black person "may understand [another] black person[']s situation better."

Finally, in ground six, petitioner states that he is "trying to survive in a prison system," and is "not getting money from home." As such, he feels that he needs at least some of his Social Security money to be forwarded to his prison account.

## Discussion

Petitioner is a self-represented litigant who brings this action pursuant to 28 U.S.C. § 2254, arguing, among other things, that he is entitled to conditional release. Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court is required to undertake a preliminary review of the amended petition before ordering the respondent to respond.

4

Based on this review, and for the reasons discussed below, the petition must be summarily denied and dismissed.

### A. Conditional Release Claims in Grounds 1, 2, and 5 Fail to Allege Constitutional Violations

In grounds 1, 2, and 5, petitioner argues that he is entitled to conditional release, and that he has been treated unfairly with regard to losing his outdate, apparently after being discharged from MOSOP. These grounds do not allege a constitutional violation.

Pursuant to 28 U.S.C. § 2254, a district court can only entertain a petition for writ of habeas corpus filed by a person in state custody "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, a federal district court's power to review state convictions is limited. *Carter v. Armontrout*, 929 F.2d 1294, 1296 (8th Cir. 1991). In particular, relief under § 2254 "is available only where errors of a constitutional magnitude have occurred." *Jolly v. Gammon*, 28 F.3d 51, 54 (8th Cir. 1994). *See also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (explaining that "it is not the province of a federal habeas court to reexamine state-court determinations on state law questions," and that a federal court conducting habeas review "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States"). To that end, petitioner is required to allege a constitutional violation in order to maintain a § 2254 petition.

With regard to conditional release, the United States Supreme Court has determined that there "is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). Nevertheless, a state's own "parole statutes and regulations may create a liberty interest that is entitled to due process protection." *Marshall v. Mitchell*, 57 F.3d 671, 672 (8th Cir. 1995). As to Missouri, the United States Court of Appeals for

the Eighth Circuit has held that Missouri's parole statutes do not create a liberty interest. *Id*. (explaining that "[t]his court has consistently held that the current Missouri statutes, standing alone, do not create a liberty interest protected by the due process clause of the Fourteenth Amendment"). *See also Adams v. Agniel*, 405 F.3d 643, 645 (8th Cir. 2005) (stating that "our court has held that the Missouri parole statutes create no liberty interest under state law in the parole board's discretionary decisions").

Here, three of petitioner's grounds for relief suggest that he deserves conditional release, and that he has unfairly lost his outdate due to his discharge from MOSOP. As noted above, however, there is no constitutional right to be conditionally released before the expiration of a valid sentence. While a state's own statutes may create such a liberty interest, Missouri's statutes do not. To the contrary, the Missouri Board of Probation and Parole has "retained plenary discretion as to whether to issue a conditional release date." *See Rentschler v. Nixon*, 311 S.W. 3d 783, 788 (Mo. banc. 2010). Specifically, RSMo § 558.011.5 provides that "[t]he date of conditional release from the prison term may be extended up to a maximum of the entire sentence of imprisonment by the board of probation and parole."

The Court notes that petitioner has provided no other basis for a constitutional claim related to conditional release. For example, he has not presented any factual allegations indicating that the cancellation of his conditional release date was arbitrary, relied on false information, or otherwise violated due process. To the contrary, petitioner acknowledges being expelled from MOSOP on two separate occasions. Completion of MOSOP is required before petitioner is eligible for parole or conditional release. *See* RSMo § 589.040.2 ("All persons imprisoned by the department of corrections for sexual assault offenses shall be required to successfully complete the [MOSOP program]…prior to being eligible for parole or conditional release").

6

"With the exception of due process claims, state prisoners' claims of error involving sentencing, parole, probation, and revocation of probation are matters governed by state law that are not cognizable in federal habeas proceedings." *Martin v. Solem*, 801 F.2d 324, 331 (8th Cir. 1986). As to grounds 1, 2, and 5, petitioner broadly alleges that he has been unfairly denied conditional release. However, petitioner does not have a constitutional right to conditional release, and he has not alleged facts establishing a violation of due process. In short, grounds 1, 2, and 5 do not show that he is being held in custody in violation of the constitution, laws, or treaties of the United States.

### B. Conditions of Confinement Claims in Grounds 3, 4, and 6 Are Not Cognizable Under 28 U.S.C. § 2254

In grounds 3, 4, and 6, petitioner asserts claims that – liberally construed – encompass petitioner's conditions of confinement. Conditions of confinement claims, however, are not cognizable under 28 U.S.C. § 2254.

Under 28 U.S.C. § 2254, a district court can only entertain a petition for writ of habeas corpus filed by a person in state custody "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "The central focus of the writ of habeas corpus is to provide a remedy for prisoners who are challenging the fact or duration of their physical confinement and are seeking immediate release or a speedier release." *Otey v. Hopkins*, 5 F.3d 1125, 1130 (8th Cir. 1993). Thus, if a petitioner "is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996). *See also Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014) (explaining that petitioner's Eighth Amendment claim that he was placed in four-point restraints for an extended period of time was not properly brought via a petition for writ of habeas corpus).

Here, broadly construed, grounds 3, 4, and 6 are related to petitioner's conditions of confinement. That is, they focus on the amount of money in petitioner's inmate account, and on purported "toxic poisoning" from his socks. These grounds do not challenge the validity of his conviction or the length of his detention, but instead encompass prison conditions. As discussed above, these grounds are not cognizable in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Kruger*, 77 F.3d at 1073 (explaining that when a petition for writ of habeas corpus "fails to attack the validity of [petitioner's] sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ").

### C. Summary Dismissal

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must dismiss a 28 U.S.C. § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Here, it is plainly apparent that petitioner is not entitled to relief. Regarding grounds 1, 2, and 5, petitioner complains that he has been wrongly denied conditional release. Because he has no liberty interest in conditional release, however, petitioner's claims do not implicate the constitution. As to grounds 3, 4, and 6, petitioner is complaining about his conditions of confinement, and not attacking the validity of his conviction or sentence. These grounds are not cognizable in a § 2254 petition for writ of habeas corpus. For these reasons, summary dismissal is appropriate, and the instant petition is denied and dismissed.

### D. Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from…the final order in a habeas corpus proceeding

8

in which the detention complained of arises out of process issued by a State court"). In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED and DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

Dated this 26th day of July, 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE